UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BYRON RAUL SANAY GUARACA,

Petitioner,

v.                                                        No. 1:26-cv-12337-DJC

ANTONE MONIZ, *et al.*,

Respondents.

**RESPONSE TO MOTION FOR ATTORNEY'S FEES**
**UNDER THE EQUAL ACCESS TO JUSTICE ACT (Doc. No. 12)**

Petitioner Byron Raul Sanay Guaraca has moved for $2,375 in attorney's fees under the

Equal Access to Justice Act ("EAJA").  Doc. No. 12 at 2.  Petitioner's motion raises legal issues

similar to those addressed by this Court in *Araujo da Silva v. Bondi*.[1]  Should the Court follow

its reasoning in *Araujo da Silva*, it would award the requested fees here.

Procedurally, however, the Court should "hold Petitioner's motion" for EAJA fees in

"abeyance" because an award of fees under EAJA is premature where, as here, the Court has not

entered judgment.  *See Ndongala v. Wesling*, No. 26-cv-10194-ADB, 2026 WL 1534981, at *4

(D. Mass. June 1, 2026) (explaining that "any award of fees" under EAJA is "premature" in the

absence of a "final judgment for purposes of EAJA").  "Under the EAJA, applications for fees

and other costs must be submitted 'within thirty days of final judgment in the action[.]'" *Id*. at

*1 (quoting 28 U.S.C. § 2414(d)(1)(B)).  "A judgment becomes final and not appealable either

---

[1] Electronic Order, *Araujo da Silva v. Bondi*, No. 25-cv-12672-DJC (D. Mass. June 15, 2026), Doc. No. 22 (concluding that petitioner was a prevailing party; that "habeas actions are civil actions under the EAJA"; and that the government was not substantially justified in subjecting petitioner to mandatory detention without bond).

when the appeal period has passed without an appeal or when any properly filed appeal has been resolved." *Id*. "Thus, the earliest a judgment may become final for EAJA purposes is 60 days after it is entered in a separate document in accordance with Rule 58 of the Federal Rules of Civil Procedure, assuming no appeal is filed." *Id*. Accordingly, "in the interests of clarity and fairness, and to permit the government to appeal the Court's grant of Petitioner's petition, should it wish to do so," the Court should hold Petitioner's motion for EAJA fees in abeyance until any judgment in this case is final.[2] *Ndongala*, 2026 WL 1534981, at *4–5.


Dated: July 7, 2026                                          Respectfully submitted,

                                                            LEAH B. FOLEY
                                                            United States Attorney

                                              By:    */s/ Julian N. Canzoneri*
                                                     Julian N. Canzoneri
                                                     Assistant U.S. Attorney
                                                     U.S. Attorney's Office
                                                     John Joseph Moakley U.S. Courthouse
                                                     One Courthouse Way, Suite 9200
                                                     Boston, Massachusetts 02210
                                                     (617) 748-3170
                                                     julian.canzoneri@usdoj.gov

---

[2] Respondents reserve all rights, including the right to appeal, and incorporate by reference the legal arguments they presented in *Araujo da Silva*. Respondents will provide further briefing on any issue that Respondents did not address in *Araujo da Silva* if the Court would like Respondents to do so.

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorneys of record by means of the Court's Electronic Case Filing system on July 7, 2026.

*/s/ Julian N. Canzoneri*
Julian N. Canzoneri
Assistant U.S. Attorney